Haynes, J.
This action is brought for the purpose of reversing the ■ judgment of the court of common pleas in an action wherein the county commissioners were plaintiffs and the boat by name was defendant. The plaintiff in its amended petition sets up the fact of the existence of the board of county commissioners, and the fact that there is a bridge in the - county of Lucas, across the Miami and Lake Erie canal, and that this is a bridge that is under the care and control of the county of Lucas, and belongs to said county; and it avers that the defendant boat, while navigating said canal, and when approaching the bridge, instead of opening the bridge in the usual and ordinary manner, it being a turn bridge, ran against it, and threw it off of is proper bearings, and injured it to quite an extent. And the plaintiff therefore prays damages, etc. The action came up for trial, re- *264 suiting in a verdict in favor of plaintiff, and a judgment. Motion was made for a new trial, which was overruled, and thereupon this petition in error was filed to reverse the judgment which was rendered upon the verdict.
The contention of plaintiff in error is- confined to one or two points, and his first, and the main point which he has argued in this court, is, that the commissioners have no right to sue the canal boat by name. He claims, and with a’good show of authority in the form of decisions of the Supreme Court, that the Board of County Commissioners, while it is at least a quasi corporation, or if a corporation, is one that is limited, and can only maintain actions in that class of cases wherein it is authorized by statute; and he claims that there is no authority under the statutes of this state for the maintenance of this action against this canal boat by name. He discusses secs. 860 and 863 Rev. Stats. Sec. 860 provides that:
“The commissioners shall construct and keep in repair all necessary bridges over streams and public canals on all state and county roads, free turn-pikes, improved roads, and abandon turn-pikes and plank-roads, in common public use, except only in such cities and villages as, by law, have the right to demand and receive part of the bridge fund levied upon property within the same.”
It is conceded by both parties that this bridge is of the class named in this section of the statute; and is one of the bridges therein described.
Sec. 863 provides:
“Where a bridge on any state or county road,or any public building, the property of, or under the control or supervision of, any county, is injured or destroyed, or where any state or county road or public highway, has been injured or impaired by placing or continuing therein, without lawful authority, any obstruction, or by the changing of the line, filling up or digging out of the bed thereof, or in any maxrner rendering the same less convenient or useful than it had been previously, by any person or corporation, such person *265 ■or corporation shall be subject to an action for damages; and the board of commissioners of the proper county is authorized to sue for and recover of such person or corporation so •causing, or having caused, such injury or impairment, such ■damages as have accrued by reason thereof, or such as are necessary to remove the obstruction or repair the injury, •and the money so recovered shall, when collected by the proper officer, be paid into the treasury of the proper county, and shall be appropriated by tbe commissioners thereof to repairing such bridge, building or road, or removing such ■obstruction, as the case'may be, or to reimburse the county for expenditure in that behalf.”
Defendant in error claims that the only right that the County Commissioners have to maintain this action is by virtue of this section of the statute, and that it must be limited to the cases and to the parties therein named; that inasmuch as it names and gives a right of action only against a corporation or a person who may injure a bridge, that that right cannot be enlarged by any constructions so as to include a canal boat by name. In that counsel is supported, we suppose, by a decision of the Supreme Court that is found in 7 Ohio Rep., part 1, page 232. Wo have read that and other eases very carefully, and we are inclined to the opinion that the contention of the plaintiff in error is true as applied to this case. We do not however fully agree with him in the doctrine as stated by him, to its full extent, It is sufficient that we think it applies to the present case; and it is sufficient that this statute gives to the County Commissioners the right to sue for this alleged injury. The only question is, whom may they sue. Two statutes seem to have reference to this, but I think only one was quoted. I will refer to them. The first is the watercraft law:
‘‘Sec. 5880. Any steamboat or other water-craft of twenty tons burden and upward, navigating the waters within or bordering upon this state, shall be liable, and such liability shall be a lien thereon, for all debts contracted on account thereof, by the master, owner, steward, consignee, or other *266 agent, for materials, supplies or labor in the building, repairing, furnishing, or equipping of the same, or for insurance, or due for wharfage, and also for damages arising out of any contract for the transportation of goods or persons, for injuries done to persons or property by such craft, or for any damage or injury done by the captain, mate, or other officer thereof, or by any person under the order or sanction of either of them, to any person who is a passenger or hand on such steam-boat or other water-craft at the-time of the infliction of such damage or injury.”
It was suggested by way of argument that this being a bridge, appurtenant to the land, that an action would not lie against the boat for the injury to the bridge; but under this statute we have no doubt that the boat would be liable for any injuries that would be inflicted upon the bridge, or even upon other articles upon the land. I remember, myself, once bringing an action under this statute against a vessel in this city, in Swan Creek, for running into a lumber pile and breaking and injuring the lumber, and the action was sustained, and, I have no doubt, upon a full examination of the authorities then made, rightfully sustained.
Then there is another section that seems to bear upon this question:
‘‘Section 7790. If any person, in navigating or managing, or assisting in the navigation or management of any boat or other float, on either of the canals of this state, shall, through design or negligence, in the navigation or management thereof, fail or neglect to open or close any swing bridge crossing either of the said canals, or shall injure, in such navigation or management, any lock, lock gate, waste-gate, guard-gate bridge, aqueduct or other work or device appertaining to either of said canals, such person shall, for every such offense, forfeit and pay the sum of twenty-five dollars as a penalty for each offense, and every master,owner or part-owner of such boat or float, and also the boat or float itself, shall severally be liable for the payment of such penalties, and moreover be liable for the payment of all damages occasioned by such failure to open or close the said swing bridges, or by such mismanagement or negligence.”
*267 In delivering his charge to the jury the learned judge below pointed that out as a statute upon which the action might be maintained. We think- it clearly maintainable under the other section, and if it is maintainable under this also, then this is simply cumulative.
The real question in the case is, whether the word “person”, as used in section 863, is broad enough to cover a canal boat, or this boat, under section 5880. Section 5880 is found in what is commonly known as the “code,"’ in part 3, title 1, of division 1. Part three commences with section 494-7, and goes on down to and includes section 6793. Section 5880 is fouud therein in a chapter entitled “Special Remedies.” Section 4947 provides that:
“In the interpretation of part third, unless the context shows that another sense was intended, the word ‘person’ includes a private corporation; ‘writing’ includes printing; ‘oath’ includes affirmation; ‘of unsound mind' includes every species of mental deficiency or derangement; ‘bond’ includes an undertaking; ‘and” may be read ‘or,’ and ‘or’ read ‘and,’ if the sense requires it; words in the present include a future tense, and in the masculine gender the female and neuter genders; and words in the plural include the singular, and in the singular include the plural number; but this enumeration shall not be construed to require a strict construction of other general words in this part.”
Section 4948 provides:
“The provisions of this part, and all proceedings under it, shall be liberally construed, in order’to promote its object, and assist the parties in obtaining justice; and the rule of the common law, that statutes in derogation thereof must be strictly construed, has no application to this part; but this section shall not be so construed as to require a liberal construction of provisions affecting personal liberty, relating to amercement, or of a penal nature. ”
In discussing these provisions of the statute, the Supreme Court, in Springfield v. Walker, 42 Ohio St., 543, held that *268 the word “persons,” as used in section 5601, Revised Statutes, included a municipal corporation. That section reads as follows:
“All persons who have any controversy, except when the possession or title of real estate may come in question, may submit such controversy to the arbitrament or umpirage of any person or persons, to be mutually agreed upon by the parties, and they may make such submission a rule of any court of record in the state.”
The question that arose was whether a municipal corporation, such as the city of Springfleld, might take advantage of that statute and enter into an arbitration agreement with a bond, and it was contended that the word “persons” would not include a municipal corporation; but the court held that it would. They say:
“It is claimed that while the word ‘persons’ may include public corporations, yet the ‘persons’ who may have the benefits of an arbitration, are limited by section 4947 to private corporations, and that a municipal corporation is excluded by the use of the word ‘persons’ and the interpretation given to that word by section 4947, which provides: ‘In the interpretation of part three of this revision, unless the context shows that another sense was intended, the word ‘person’ includes a private corporation; and thus by implication the word ‘person’ exludes all public corporations. But see section 4948.”
Which I have just read; and having read that, the court held, under the provision of that statute, that the term “persons” included municipal corporations as well as private corporations.
The act commonly called the “ Watercraft Act, ” is one that was passed in this state for the purpose of enabling parties who held claims against a watercraft to proceed against it by name, holding the watercraft and the owner both liable; and it was to enable parties who have such a claim to have a speedy remedy, and that they might net be *269 compelled to hunt up the owners, who may be non-residents of the state and not easily found, or it might be difficult to ascertain who the owners were. For that reason, for a certain class of claims and damages, the statute provides that the owner shall be liable, and his property, to-wit: the boat itself.
We think, after a very full discussion of this matter, that we are fairly within the strict line of the sections of the statute which I have read, and within the spirit and meaning of the rule that requires us to make a construction that shall enable the parties to have a remedy for the injuries which they have received, if we hold, as we do hold, that the word “person” in section 863 is sufficiently broad to include the the bringing of a suit by name against a boat that has committed the injury.
There was another question discussed here, as to whether there should be a keeper of the bridge on it at night. There was in fact a person appointed by the county commissioners, who had general charge of the bridge, to look after it and keep it in repair. The contention on the part of the plaintiff in error is that he was in the nature of a bridge tender, and that it was his duty to be'present at all times, and when a boat was about to pass the bridge, to have opened it. We find nothing in the record to show that there was any rule requiring that to be done. It seems that the Board of Public Works, in giving their consent to have the bridge thrown across the canal, made a regulation that there should be a man appointed generally to look after the bridge and keep it in repair; but that seemed to be the extent and limit of his duty. The boat was going through in the night, and the bridge tender was absent from the bridge. There was no principle of law requiring him to be present. The bridge was a self-acting bridge, and could be opened by pushing against it, and it was the intention that it should be opened in that way.
*270 We are of the opinion that there is no error in this record, and the judgment of the court of common pleas will, therefore, be affirmed. Reasonable cause will be certified for filing the petition in error.